UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Plaintiff,

v.

ANDREAS NOTTEBOHM, et al.,

    Defendants.

Case No. 15-cv-01584-SI

**ORDER REMANDING ACTION TO STATE COURT**

## BACKGROUND

Litigants Tess and Andreas Nottebohm initiated this litigation saga in state court in March of 2010, and have since sustained a number of adverse judgments on the merits of their claims. *See e.g. Nottebohm v. Am. Home Mortgage Servicing, Inc.*, No. A139030, 2014 WL 5035948 (Cal. Ct. App. Oct. 9, 2014). The Nottebohms have also brought a number of related actions in federal court, which have all ended in dismissal or remand. *See e.g. Nottebohm v. Am. Home Mortgage Corp.*, No. C 11-01838 SI, 2011 WL 3678841 (N.D. Cal. Aug. 22, 2011). These cases all pertain to the foreclosure of the Nottebohms' family home at 90 Sidney Court, San Rafael, CA ("the Property"). The present case is an unlawful detainer action filed by plaintiff Deutsche Bank in Marin County Superior Court on July 31, 2012. Docket No. 1. It was removed to this Court, not by the Nottebohms', but by their tenant, Sarah Weinstein (a co-defendant), on April 7, 2015. *Id.* On April 30, 2015, Deutsche Bank filed a notice with the Court explaining that it had obtained a judgment for possession of the Property and that all defendants had vacated the property; and asked the Court to remand this action to state court. Docket No. 16. In response to the Court's

order to show cause why the case should not be remanded, Weinstein argued that the case presented a question of federal law, namely whether Deutsche Bank violated her rights under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA") when it took possession of the Property. Docket No. 19. Weinstein also later argued that federal jurisdiction could be conferred by virtue of the fact that the defendants in this case could have removed the action based on diversity jurisdiction. Docket No. 27. Deutsche Bank has maintained that this Court does not have jurisdiction. Docket No. 28.

**LEGAL STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has original diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332.

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (U.S.1921)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d

689, 698 (9th Cir. 2005). Any doubt as to the right of removal must be resolved in favor of remand to state court. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

**DISCUSSION**

Defendants argue that jurisdiction may be supported on the basis of diversity, as they are California residents, while Deutsche Bank is a Delaware citizen. However, the removal statute makes clear that diversity jurisdiction will not lie if any of the defendants is a citizen of the State in which the action is brought. 28 U.S.C.A. § 1441(b)(2); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The defendants to this action are citizens of California, the state in which the action was originally brought; therefore diversity cannot serve as a basis for subject matter jurisdiction.

Next, defendants argue that the presence of a federal question of law confers jurisdiction on this Court. Specifically, Weinstein argues that her eviction violated her rights under the PTFA. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). While violation of her rights under the PTFA may provide Weinstein with a viable counterclaim against Deutsche Bank, "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim," because such a claim does not appear on the face of the complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). In the present case, the complaint does make mention of the PTFA, however federal question jurisdiction will lie "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]… It is not enough that the plaintiff alleges some anticipated defense to his cause of action." *Id.* (citing *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908)). Here, plaintiff's statement of its own cause of action for unlawful detainer does not present a federal question.

3

## CONCLUSION

Having found that both diversity and federal question jurisdiction are lacking, the Court hereby **REMANDS** this action to state court. The case management conference currently scheduled for July 9, 2015 is **VACATED**, and defendant Weinstein's ex parte motion to seal the case is **DENIED** as moot. Docket No. 8.

**IT IS SO ORDERED.**

Dated: July 8, 2015

_____
SUSAN ILLSTON
United States District Judge